Fa'Dee **MULAZIM**, Plaintiff–Appellant,

v.

Katherine **CORRIGAN**; Kevin Roy Smith; Kay Ella Lennerth; Fabian Lavigne, Defendants–Appellees.

No. 00–1303.

United States Court of Appeals, Sixth Circuit.

March 22, 2001.

---

Before KENNEDY and SUHRHEINRICH, Circuit Judges; GAUGHAN, District Judge.*

### ORDER

This pro se Michigan state prisoner appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary damages and the return of personal property, Fa'Dee Mulazim sued an assistant deputy warden (Katherine Corrigan) and three employees of Michigan's Thumb Correctional Facility (Kevin Roy Smith, Kay Ella Lennerth, and Fabian Lavigne). Mulazim, proceeding in forma pauperis, claimed that: 1) the defendants improperly transferred him to another cell; 2) the defendants improperly assigned him a top bunk; 3) the defendants improperly housed him with a cigarette smoker; 4) the defendants improperly confiscated his property; and 5) the defendants engaged in religious discrimination, racial discrimination, and retaliation. The district court concluded that Mulazim had failed to state claims upon which relief may be granted under 42 U.S.C. § 1983 and sua sponte dismissed the complaint pursuant to 42 U.S.C. § 1997(e)(2) and 28 U.S.C. § 1915A.

In his timely appeal, Mulazim essentially reasserts the claims that he set forth in the district court. He also argues that he asserted claims against the defendants in their individual capacities.

This court reviews de novo a decision to dismiss a complaint under § 1915A for failure to state a claim for relief. McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir.1997). In determining whether Mulazim's complaint fails to state a claim, the court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether Mulazim undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. Bibbo v. Dean Witter Reynolds, Inc., 151 F.3d 559, 561 (6th Cir.1998).

The district court properly dismissed Mulazim's first claim that the defendants improperly transferred him to another cell. There is no liberty interest in being placed within any particular prison in the state of Michigan. See Olim v. Wakinekona, 461 U.S. 238, 245, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); Meachum v. Fano, 427 U.S. 215, 225, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976); Mich. Comp. Laws § 791.265. A fortiori, an inmate has no constitutional right to be confined in a particular cell within that prison. See Williams v. Faulkner, 837 F.2d 304, 309 (7th Cir.1988).

The district court properly dismissed Mulazim's second claim that the defendants improperly assigned him a top bunk, despite his age (56 years) and prior knee injury. If the offending conduct does not purport to be a criminal penalty, as is the case herein, the offending conduct must reflect an unnecessary and wanton infliction of pain to fall within the ambit of conduct proscribed by the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97,

* The Honorable Patricia A. Gaughan, United States District Judge for the Northern District of Ohio, sitting by designation.

103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). For such non-penal conduct, a viable Eighth Amendment claim has both an objective and subjective component. *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The objective component requires that the pain be serious, *Hudson v. McMillian,* 503 U.S. 1, 5, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992), and the subjective component provides the means to establish that the offending, non-penal conduct is necessarily wanton in order to state a violation of the Eighth Amendment. *Wilson v. Seiter,* 501 U.S. 294, 297–300, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991).

■ Mulazim did not satisfy either component. He did not allege facts indicating that his prior knee injury was serious, that the use of a top bunk could or did aggravate that injury or cause him pain, that defendants knew of his knee injury, or that defendants consciously disregarded a serious risk of harm in Mulazim's use of the top bunk that constituted an unnecessary and wanton infliction of pain.

■ The district court properly dismissed Mulazim's third claim that defendants unconstitutionally housed him with a cigarette smoker. A prison official may be held liable under the Eighth Amendment only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Farmer,* 511 U.S. at 847. With respect to the objective component, a plaintiff must establish that he has a serious medical need for a smoke-free environment, *Hunt v. Reynolds,* 974 F.2d 734, 735–36 (6th Cir.1992), or that, regardless of health, the level of environmental tobacco smoke in the prison creates an unreasonable risk of serious damage to his future health. *Helling v. McKinney,* 509 U.S. 25, 35, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993).

■ Mulazim did not satisfy either of the foregoing components. He merely alleged that he was placed in a cell with a cigarette smoker. He did not allege facts indicating that he has a serious medical need for a smoke-free environment, that the level of smoke creates an unreasonable risk of serious damage to his future health, or that prison officials disregarded a substantial risk of harm to him.

■ The district court properly dismissed Mulazim's fourth claim that the defendants improperly confiscated, and failed to return, several items of his personal property. To the extent Mulazim may be asserting that the defendants have wrongfully deprived him of property without a predeprivation hearing, his argument is meritless. The rule announced in *Parratt v. Taylor,* 451 U.S. 527, 543–44, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *overruled in part by Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986), permits dismissal of procedural due process claims brought under 42 U.S.C. § 1983 if: 1) the deprivation was unpredictable or "random"; 2) predeprivation process was impossible or impracticable; and 3) the state actor was not authorized to take the action that deprived the plaintiff of property or liberty. *Copeland v. Machulis,* 57 F.3d 476, 479 (6th Cir.1995). If these conditions are present, a procedural due process claim will not be stated unless the plaintiff pleads and proves that his available state remedies are inadequate to redress the wrong. *Id.* Given that Mulazim has alleged that the defendants illegally confiscated and retained his personal property that he was entitled to possess, he has alleged a random and unauthorized deprivation of property. *See id.* at 490–80. Mulazim, however, has neither pleaded nor shown that Michigan's judicial remedies are inadequate. Mulazim has an adequate remedy with the state courts of Michigan.

*See Copeland,* 57 F.3d at 480. Thus, the district court properly dismissed the complaint pursuant to 28 U.S.C. § 1915A.

■ Finally, the district court properly dismissed Mulazim's fifth claim that the defendants committed the foregoing acts with an improper retaliatory or discriminatory purpose. With respect to his retaliation claim Mulazim asserts that defendants retaliated against him because he filed an unsuccessful petition for a writ of certiorari. In order to state a claim of retaliation in violation of his First Amendment rights, Mulazim had to show that he engaged in protected conduct, an adverse action was taken against him, and there was a causal connection between the two events. *See Thaddeus–X v. Blatter,* 175 F.3d 378, 394 (6th Cir.1999) (en banc). Mulazim did not demonstrate the second and third prongs of this standard.

■ The actions of which Mulazim complains do not constitute "adverse action." An "adverse action" is an action that is capable of deterring a person of ordinary firmness from exercising his or her right to access the courts. *Thaddeus–X,* 175 F.3d at 398. The defendants merely moved Mulazim from one cell to another. Unlike the plaintiff's allegations in *Thaddeus–X,* Mulazim does not allege that he was harassed, physically threatened, transferred to an area at which he would suffer unhealthy living conditions, *see Thaddeus–X,* 175 F.3d at 398 (harassment, physical threats, and a transfer to unsanitary cellblock constitute adverse action), or that he was transferred to administrative segregation. *See Thaddeus–X,* 175 F.3d at 399 (transfer to administrative segregation constitutes adverse action).

■ Mulazim cannot show a causal connection between the move to another cell and his unsuccessful petition for a writ of certiorari. The third element of a retaliation claim requires a causal connection between the protected conduct and the adverse action. *See id.* at 394. Mulazim admits that his unsuccessful petition for a writ of certiorari concluded ten months before he was moved to another cell. There exists no temporal nexus between his protected conduct and the action of which he complains. Thus, the facts—as admitted by Mulazim—do not indicate that Mulazim's petition for a writ of certiorari was a substantial or motivating force behind his move to another cell.

Mulazim's claim that the defendants were motivated by an improper discriminatory purpose fails because his allegation is wholly conclusory and totally unsupported by any facts showing that Mulazim's race or religion was a "substantial" or "motivating factor" behind the defendants' alleged retaliatory conduct. Despite the liberal construction accorded civil rights complaints, *see Leatherman v. Tarrant County Narcotics Intell. and Coordin. Unit,* 507 U.S. 163, 167–68, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993); *Jones v. Duncan,* 840 F.2d 359, 361 (6th Cir.1988), a plaintiff will fail to state an adequate claim if his allegations are premised upon mere conclusions and opinions. *See Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir. 1987). Thus, the district court properly dismissed the complaint pursuant to 28 U.S.C. § 1915A.

Accordingly, we hereby affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.