RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2004 FED App. 0083P (6th Cir.)
File Name: 04a0083p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

MEMPHIS, TENNESSEE AREA
LOCAL, AMERICAN POSTAL
WORKERS UNION, AFL-CIO
a/k/a AMERICAN POSTAL
WORKERS UNION, LOCAL 96,
  *Plaintiff-Appellant,*

  *v.*

CITY OF MEMPHIS; H. B.
PHILLIPS, INC.; PRO-TECH
SECURITY, INC.,
  *Defendants-Appellees.*

No. 02-5694

Appeal from the United States District Court
for the Western District of Tennessee at Memphis
No. 01-03011—Bernice B. Donald, District Judge.

Argued: October 24, 2003

Decided and Filed: January 21, 2004[*]

---

[*] This decision was originally issued as an "unpublished decision" filed on January 21, 2004. On March 3, 2004, the court designated the opinion as one recommended for full-text publication.

---

Before: KEITH, MARTIN, and SUTTON, Circuit Judges.

---

**COUNSEL**

**ARGUED:** Peter J. Leff, O'DONNELL, SCHWARTZ & ANDERSON, Washington, D.C., for Appellant. David P. Knox, FORD & HARRISON, Memphis, Tennessee, Henry L. Klein, APPERSON, CRUMP & MAXWELL, Memphis, Tennessee, Debra L. Fessenden, LAW OFFICES OF THOMAS E. HANSOM, Memphis, Tennessee, for Appellees. **ON BRIEF:** Peter J. Leff, O'DONNELL, SCHWARTZ & ANDERSON, Washington, D.C., for Appellant. David P. Knox, FORD & HARRISON, Memphis, Tennessee, Henry L. Klein, APPERSON, CRUMP & MAXWELL, Memphis, Tennessee, Debra L. Fessenden, Thomas Edwards Hansom, LAW OFFICES OF THOMAS E. HANSOM, Memphis, Tennessee, Brian L. Kuhn, SHELBY COUNTY ATTORNEY'S OFFICE, Memphis, Tennessee, for Appellees.

---

**OPINION**

---

DAMON J. KEITH, Circuit Judge. This is an appeal of the order dismissing for failure to state a cause of action this civil rights action arising from the Defendants-Appellees' activities relative to picketing by the Plaintiff-Appellant. In light of the liberal pleading standards set forth in Federal Rule of Civil Procedure ("FRCP") 8(a), and adhered to by the federal courts, the district court's decision to grant the Defendants' motions to dismiss is **REVERSED** and **REMANDED** for the reasons set forth below.

## I. BACKGROUND

On December 19, 2001, Memphis, Tennessee Area Local 96 ("Union") filed a complaint against the City of Memphis ("Memphis"), H. B. Phillips, Inc. ("Phillips"), and Pro-Tech Security, Inc. ("Pro-Tech") in the United States District Court for the Western District of Tennessee. The Union prayed for injunctive relief, as well as compensatory and punitive damages. The complaint alleges that a deprivation of the Union's rights under the National Labor Relations Act and the U.S. Constitution, in violation of 42 U.S.C. § 1983, arose during the course of the Union's strike at Phillips. The Union in its complaint avers that this deprivation was caused by on-duty and off-duty police officers of the Memphis Police Department ("MPD"), acting under color of state law and in accordance with a Memphis policy or custom, at the direction of and through a conspiracy with Phillips and Pro-Tech and their agents.

On February 1, 2002, Pro-Tech filed a motion to dismiss the Union's complaint pursuant to FRCP 12(b)(6) or, in the alternative, for summary judgment. On February 5, 2002, Memphis filed a motion to dismiss. On February 14, 2002, Phillips filed a motion to dismiss. On March 19, 2002, the Union responded to all three motions.

On May 1, 2002, the district court considered Pro-Tech's motion to dismiss or, in the alternative, for summary judgment, as a motion to dismiss pursuant to FRCP 12(b)(6) and granted the motion, thereby dismissing the Union's claims against Pro-Tech. On May 1, 2002, the district court granted Memphis' motion to dismiss. On May 2, 2002, the district court granted Phillips' motion to dismiss. On May 20, 2002, the district court entered judgment by dismissing the Union's claims against Memphis, Phillips and Pro-Tech in accordance with the May 1 and 2 Orders. On May 21, 2002, the Union filed a Notice of Appeal appealing the Orders granting the motions to dismiss.

For purposes of the motions to dismiss, the following facts were taken as true by the district court, and are treated the same by this court. Since April 3, 2001, the Union has been engaged in "picketing and other expressions" in support of a strike against Phillips at or near Phillips's Memphis, Tennessee facility. Specifically, the picketers tried to call non-striking employees "scabs," tried to shout slogans at the non-striking employees, and tried to use sound amplifying devices (such as megaphones) to convey their message. During the course of the strike, Memphis has provided police services, and Pro-Tech has provided security services at or near the facility. Certain security officers employed by Pro-Tech are off-duty officers of the MPD.

During the strike, Phillips and Pro-Tech, through on-duty and off-duty officers of the MPD, have attempted to "interfere with, deter, and intimidate" the Union, and have directed MPD officers to "threaten to engage in and engage in force, violence, harassment and the unequal enforcement of the law." J.A. at 10; Compl. ¶¶ 18, 19. Furthermore, "on-duty MPD police officers continuously conferred with agents of Phillips and Pro-Tech before confronting members of the Union and their sympathizers on the picket line." J.A. at 11; Compl. ¶ 20.

Memphis, "through the MPD, has a policy and practice of allowing off-duty police officers to be hired by private security companies (including Pro-Tech)." J.A. at 9; Compl. ¶ 14. All other references to the actions of Memphis are made in the following form: "Phillips and its agents, and Pro-Tech and its agents, *conspired with Memphis, through its on-duty and off-duty MPD police officers*, to engage in the police misconduct [alleged to have violated the Union's rights]." J.A. at 12, 13; Compl. ¶¶ 22, 23, 25, 26, 26 (emphasis added). Specifically, in paragraph 20 of the complaint, the Union claims that, "Memphis, through its on-duty and off-duty police officers, engaged in a pattern of police misconduct" including: arresting and detaining strikers without cause,

failing to respond to or investigate threats to the safety of strikers (including allegations that Union members on the picket line were struck by vehicles driven by non-striking employees), and compelling strikers to provide personal information. J.A. at 11, 12. In addition to the unlawful actions of Memphis, singularly, "Phillips and its agents, and Pro-Tech and its agents, conspired with Memphis, through its on-duty and off-duty police officers, to engage in the [pattern of] police misconduct described in ¶ 20 [of the complaint]." J.A. at 11; Compl. ¶ 22. The alleged police misconduct described in paragraph 20 was "committed in furtherance of the conspiracy," and "Memphis knew or reasonably should have known that the actions of the on-duty and off-duty MPD officers were unlawful and in violation of federal laws and the Constitution of the United States." J.A. at 7, 8; Compl. ¶¶ 25, 28. Finally, the Union alleges that, by means of their conspiracy with the other Defendants, Pro-Tech and Phillips were acting under color of state law. J.A. at 7; Compl. ¶ 27.

## II. DISCUSSION

### A. Standard of Review

This court reviews *de novo* a district court's decision regarding a motion to dismiss, pursuant to FRCP 12(b)(6), because the district court decision is based purely on the legal sufficiency of a plaintiff's case. *Barrett v. Harrington*, 130 F.3d 246, 251 (6th Cir. 1997). Under the liberal notice pleading rules, a complaint need only put a party on notice of the claim being asserted against it to satisfy the federal rule requirement of stating a claim upon which relief can be granted. FED.R.CIV.P. 8(a); *Swierkiwicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002) (holding that a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations). A complaint need not anticipate every defense and accordingly need not plead every response to a potential defense. *Poe v. Haydon*, 853 F.2d 418, 424 (6th Cir. 1988)

(stating that a civil rights plaintiff need not anticipate an affirmative defense which must be pleaded by the defendant). A court must construe the complaint in the light most favorable to the plaintiffs and accept as true all well-pleaded factual allegations. *Cooper v. Parrish*, 203 F.3d 937, 944 (6th Cir. 2000). Claims made pursuant to 42 U.S.C. § 1983 are not subject to heightened pleading standards. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 165-66 (1993) (rejecting heightened pleading standards for § 1983 claims); *Jones v. Duncan*, 840 F.2d 359 (6th Cir. 1988) (holding that § 1983 complaints need not set down in detail all the particularities of a plaintiff's claim against a defendant).

### B. Section 1983 Liability for Memphis

To set forth a cognizable § 1983 claim against a municipality, a plaintiff must allege that (1) agents of the municipality, while acting under color of state law, (2) violated the plaintiff's constitutional rights, and (3) that a municipal policy or policy of inaction was the moving force behind the violation. *City of Canton v. Harris*, 489 U.S. 378, 379 (1989).

### 1. The Actions of the On-Duty Police Officers

There is no doubt that the Union has sufficiently pleaded the first two elements, "acting under color of law" and "a violation of protected rights," regarding the actions of the on-duty officers. At issue is whether the phrases "conspired with Memphis, through its on-duty and off-duty MPD police officers, to engage in the police misconduct" or "Memphis, through its on-duty and off-duty police officers, has engaged in a pattern of police misconduct," sufficiently allege the third element.

A municipal "custom" may be established by proof of the knowledge of policymaking officials and their acquiescence

in the established practice. *See Fletcher v. O'Donnell*, 867 F.2d 791, 793-94 (3d Cir. 1989). In its complaint, the Union contends that Memphis "knew or reasonably should have known that the actions of the on-duty and off-duty MPD police officers were unlawful and in violation of federal laws and the Constitution of the United States." J.A. at 8; Compl. ¶ 28. While the Union fails to specifically allege that there was knowledge on the part "of policymaking officials," a plaintiff need not anticipate every defense and accordingly need not plead every response to a potential defense. *Poe*, 853 F.2d at 424.

Furthermore, the Union does not state that the unlawful actions were part of an established practice: the closest it comes is the phrase "engaged in a pattern of police misconduct." It is possible that this phrase is used in reference to the actions of the on-duty officers with regard to this particular strike (as opposed to a pattern or practice of strike-breaking). Nonetheless, because this court "must construe the complaint in the light most favorable to the plaintiffs," the broader interpretation (i.e., that the Union is alleging a pattern or practice) is the proper interpretation. Accordingly, to the extent that the district court's grant of the defendants' motion to dismiss applies to the liability of Memphis for the actions of the on-duty police officers, we reverse the decision of the district court.

## 2. The Actions of the Off-Duty Police Officers

The United States Supreme Court has held that acting under color of state law requires that a defendant in a § 1983 action have exercised the power "possessed by virtue of state law and made possible only because the wrongdoer is clothed by the authority of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *Redding v. St. Edward*, 241 F.3d 530 (6th Cir. 2001). "It is the nature of the act performed, not the clothing of the actor or even the status of being on-duty, or off-duty, which determines whether the officer has acted under color of law."

*Stengel v. Belcher*, 522 F.2d 438, 441 (6th Cir. 1975). Accordingly, this court has held that a police officer acts under color of state law when he purports to exercise official authority. *Waters v. City of Morristown, Tennessee,* 242 F.3d 353, 359 (6th Cir. 2001). Such manifestations of official authority include flashing a badge, identifying oneself as a police officer, placing an individual under arrest, or intervening in a dispute between third parties pursuant to a duty imposed by police department regulations. *See, e.g., Layne v. Sampley*, 627 F.2d 12, 13 (6th Cir. 1980).

In the instant case, the off-duty officers were employed by a private firm to provide security services for a private company. The Union alleges that off-duty officers harassed, intimidated, and threatened to arrest and harm picketers at the Phillips facility, and claims that these threats and actions, made through the use of one's police officer status, are all indicia of acting under the color of state law. Under the facts alleged, it is possible that an on-duty police officer working the picket line confronts a Union member one hour, goes home and changes uniforms, then comes back to the exact same picket as an off-duty police officer and performs the same acts. Even more, it is possible that an off-duty police officer threatens to arrest a Union member, goes home and changes into uniform, then comes back and follows through with that threat. Under such circumstances, the line separating the color of law becomes blurred, if not altogether indistinguishable. *See Screws v. United States*, 325 U.S. 91, 107-10 (1945). Therefore, for purposes of the instant FRCP 12(b)(6) motion, the Union has sufficiently pleaded that the off-duty police officers were acting under color of law.

There is no dispute that the Union has sufficiently alleged violations of federally-protected rights. The remaining issue, therefore, is whether Memphis was the "moving force behind the constitutional violations." *City of Canton,* 489 U.S. at 389. In its brief, the Union asserts that Memphis has a policy or custom that its police officers should engage in unlawful

conduct and deprive citizens of federal and constitutional rights in order to break a strike. The Complaint, however, merely alleges that Memphis has "a policy and practice of allowing off-duty police officers to be hired by private security companies (including Pro-Tech)." J.A. at 3,4; Compl. ¶ 14. It is the latter contention that must be scrutinized under FRCP 12(b)(6), and, while this allegation might satisfy the third element, that Memphis be the "moving force," it cannot be said with certainty that allowing police officers to work as private security guards, in and of itself, would sufficiently allege a violation of federally-protected rights.

The Union does contend that Memphis "knew or reasonably should have known that the actions of the on-duty and off-duty MPD police officers were unlawful and in violation of federal laws and the Constitution of the United States." J.A. at 8; Compl. ¶ 28. If this statement is designed to allege either negligence or *respondeat superior* as a basis for liability on the part of Memphis, then it is insufficient. Neither negligence, *see Daniels v. Williams*, 474 U.S. 327, 330 (1986), nor the doctrine of *respondeat superior*, *see Monell v. New York City Department of Social Services*, 436 U.S. 658, 691 (1978), can provide the basis for § 1983 municipal liability.

If, however, this statement is designed to support an allegation that Memphis evidences deliberate indifference to the rights of its inhabitants, such a shortcoming can be properly thought of as a city policy or custom that is actionable under § 1983. *See City of Canton,* 489 U.S. at 389. Again, because this court "must construe the complaint in the light most favorable to the plaintiffs," the broader interpretation (i.e., that the Union is alleging deliberate indifference) is the proper interpretation. Furthermore, the Union does not need to allege that the unlawful actions were part of an established practice other than allowing police officers to be employed by private firms (as opposed to being

employed for the purpose of strike-breaking), or that there was knowledge on the part "of policymaking officials." A complaint need not anticipate every defense and accordingly need not plead every response to a potential defense. *Poe*, 853 F.2d at 424.

### 3. Conspiracy in Violation of § 1983

The complaint alleges that Phillips and Pro-Tech "conspired with Memphis, through its on-duty and off-duty MPD police officers to engage in the police misconduct . . . ." J.A. at 6; Compl. ¶ 22. Such an allegation could be interpreted to state that the source for the municipal liability was the police officers acting in their individual capacities as decision makers. To connect the actions of the police officers with Memphis, that interpretation would rely on the doctrine of *respondeat superior*, which cannot form the basis for municipal liability under § 1983. *Monell*, 436 U.S. at 691. Alternatively, this allegation, interpreted in the light most favorable to the Union, could state that the source for the municipal liability was the conspiracy "with Memphis." Because we are constrained to accept the latter, "most favorable," interpretation, the motion to dismiss the conspiracy claim against Memphis is denied.

### C. Section 1983 Liability for Phillips

To sustain a § 1983 claim, plaintiff must establish that it was deprived of a right secured by the Constitution or laws of the United States, and that this deprivation was caused by a person acting under the color of state law. *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155 (1978); *Ellison v. Garbarino*, 48 F.3d 192, 194 (6th Cir. 1995).

When a defendant is a private entity, this circuit recognizes three tests for determining whether its conduct is fairly attributable to the state: the public function test, the state compulsion test, and the nexus test. *Wolotsky v. Hohn*, 960

F.2d 1331 (6th Cir. 1992). The public function test "requires that the private entity exercise powers which are traditionally exclusively reserved to the state." *Id*. at 1335. The state compulsion test requires proof that the state significantly encouraged or somehow coerced the private party, either overtly or covertly, to take a particular action so that the choice is really that of the state. *Id*. Finally, the nexus test requires a sufficiently close relationship between the state and the private actor so that the action taken may be attributed to the state. *Id*.

Application of these tests to the conduct of a private entity, however, is relevant only in cases in which there are no allegations of cooperation or concerted action between state and private actors. *Cooper v. Parrish*, 203 F.3d 937, 952 n.2 (6th Cir. 2000) ("If a private party has conspired with state officials to violate constitutional rights, then that party qualifies as a state actor and may be held liable pursuant to § 1983 . . ."); *Moore v. City of Paducah*, 890 F.2d 831, 834 (6th Cir. 1989) (holding that individuals who conspire with state actor to deprive individuals of their federally-protected rights may be found to have acted under color of state law for purposes of § 1983 liability). Private persons may be held liable under § 1983 if they willfully participate in joint action with state agents. *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980); *United States v. Price*, 383 U.S. 787 (1966) (stating that to act under color of law does not require that the accused be an officer of the State. It is enough that he is a willful participant in joint activity with the State or its agents.); *Hooks v. Hooks*, 771 F.2d 935, 943 (6th Cir. 1985) ("Private persons jointly engaged with state officials in a deprivation of civil rights are acting under color of law for purposes of § 1983.").

The standard for proving a civil conspiracy was set forth in *Hooks v. Hooks*, 771 F.2d 935 (6th Cir. 1985):

A civil conspiracy is an agreement between two or more persons to injure another by unlawful action. Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy. Each conspirator need not have known all of the details of the illegal plan or all of the participants involved. All that must be shown is that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant.

*Id*. at 943-44; *Moore*, 890 F.2d at 834; *see also Pillette v. Detroit Police Dept.*, 661 F. Supp. 1145 (E.D. Mich. 1987), *aff'd*, 852 F.2d 1288 (6th Cir. 1988).

In the present complaint, all of the elements of conspiracy are sufficiently alleged: it is alleged that a single plan existed ("was the result of an agreement"); that the conspirators shared in the general conspiratorial objective ("to deprive [the Union] of its rights, privileges and immunities"), and that an overt act was committed (that Memphis "continuously conferred with agents of Phillips and Pro-Tech before confronting members of the [Union]" and "that Phillips directed and conspired with the City of Memphis to direct police officers to harass, threaten and intimidate the plaintiff") in furtherance of the conspiracy that caused injury (several violations are alleged). J.A. at 6; Compl. ¶ 23. Accordingly, the Union has alleged facts, which if believed, state a claim against Phillips for which relief could be granted.

### D. Section 1983 Liability for Pro-Tech

In the complaint, the Union contends that Pro-Tech provides security services for Phillips, and that some Pro-Tech employees are off-duty officers of the MPD. It is further contended that "Pro-Tech and its agents, conspired

with Memphis, through its on-duty and off-duty officers, to engage in the police misconduct." J.A. at 6; Compl. ¶ 22.

Pro-Tech cites *Fa'Dee Mulazim v. Corrigan*, No. 00-1303, 2001 U.S. App. LEXIS 5382 (6th Cir. 2001) (unpublished) (stating that where an allegation is "wholly conclusory and totally unsupported by any facts" or "premised upon mere conclusions and opinions" it will fail to state a claim), to support its assertion that these allegations are conclusory and cannot support a civil rights claim. Unlike the complaint in *Corrigan*, however, the allegations in the present complaint are neither "wholly conclusory and totally unsupported by any facts" nor "premised upon mere conclusions and opinions." The conspiracy analysis applied above to Phillips, which contains sufficient allegations, is the same conspiracy analysis applicable to Pro-Tech. Therefore, the motion to dismiss the complaint as to Pro-Tech is denied.

### III. CONCLUSION

For the reasons stated above, the district court's decision to dismiss the claims against Memphis, Phillips and Pro-Tech is **REVERSED** and **REMANDED**.