File Name:  08a0579n.06
Filed:  September 26, 2008

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No.  07-1237

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

TIMOTHY   DANIEL  MCGUIRE  and  JAMES
LEE JOSEPH RYAN,

      Plaintiffs-Appellees,

v.

CITY OF ROYAL OAK, OFFICERS DOUGLAS      ON APPEAL FROM THE
WARNER  AND  BARRY  GALE,  Royal  Oak      UNITED STATES DISTRICT
Police Sergeants, Officially and Individually, and      COURT FOR THE EASTERN
TED QUISENBERRY, Royal Oak Police Chief, in      DISTRICT OF MICHIGAN
his official capacity,

      Defendants-Appellants.

_____/

Before:      MARTIN, ROGERS, and SUTTON, Circuit Judges.

      BOYCE F. MARTIN, JR., Circuit Judge.

      Officers Warner and Gale of the Royal Oak Police Department appeal the district court's

denial of their motion for summary judgment based upon qualified immunity.  Because the facts

construed favorably to plaintiffs state a constitutional violation, we AFFIRM the judgment of the

district court.

I.

On August 9, 2003, Timothy McGuire and James Ryan traveled by bus from their native Canada to Clarkston, Michigan, in order to attend a country music concert at the DTE Energy Music Theater. Following the concert, McGuire and Ryan boarded the bus to travel home. While they were on the bus waiting to depart, another attendee, Daniel Threlfall, was assaulted by two members of plaintiffs' group. While this occurred, McGuire left the bus, allegedly to break up the fight, and Ryan slept. McGuire denies seeing exactly who assaulted Threlfall.

Off-duty Royal Oak police officers Warner and Gale had also attended the concert; they were leaving with their families when Threlfall was assaulted. They claim to have seen the assault occur and the perpetrators board the bus. Believing Threlfall's assailants to be on the bus, Warner and Gale approached it, identified themselves as police officers, and instructed the driver not to leave. They then waited with the bus for the Oakland County Sheriff to arrive.

When the Oakland County deputies arrived, Warner and Gale again identified themselves as police officers and proceeded to assist in the investigation. McGuire was ordered off the bus while the deputies conducted a search. During this time, Officers Warner and Gale allegedly told McGuire that if he did not identify the men who assaulted Threlfall, they would pin the crime on him and "throw the book at him." Gale then entered the bus along with Oakland County authorities, escorted Ryan off, and identified him as one of Threlfall's assailants. Warner and Gale then stated to Oakland County authorities that they saw McGuire and Ryan commit the assault. Warner later reiterated this testimony in a written statement to Oakland County authorities and at McGuire and Ryan's preliminary hearing. Based upon the testimony of Warner and Gale, McGuire and Ryan were arrested and charged with Assault with Intent to Commit Great Bodily Harm Less than Murder.

These charges were dropped on September 20, 2004, based upon newly discovered evidence indicating that McGuire and Ryan had not committed the assault.

In response, McGuire and Ryan filed suit against officers Warner and Gale, the City of Royal Oak, and police chief Ted Quisenberry, alleging violations of their Due Process and Fourth Amendment rights under § 1983, as well as false arrest/false imprisonment, abuse of process, malicious prosecution, intentional infliction of emotional distress, and gross negligence. Defendants moved for summary judgment on all counts based upon qualified immunity and Michigan's intergovernmental immunity statute.

After declining to rule on the motions of Chief Quisenberry and the City of Royal Oak, the district court denied Warner and Gale's motion for summary judgment as to plaintiffs' claims for malicious prosecution, intentional infliction of emotional distress, and gross negligence. Defendants Warner and Gale now appeal that ruling.

II.

This Court reviews a district court's denial of summary judgment on qualified immunity grounds *de novo*, "because the determination of whether qualified immunity is applicable to an official's actions is a question of law." *See v. City of Elyria*, 502 F.3d 484, 490-91 (6th Cir. 2008) (citations omitted). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

III.

### A. Qualified Immunity

Officers Warner and Gale argue they are immune from suit for Fourth Amendment malicious prosecution on two grounds.[1]  First, they argue they did not act "under color of state law." Second, Warner and Gale argue that their actions were supported by probable cause.  Both arguments founder on the facts of this case.

There is abundant evidence in the record that Warner and Gale acted under color of state law. A police officer acts under color of state law "when he purports to exercise official authority." *Parks v. City of Columbus*, 395 F.3d 643, 652 (6th Cir. 2005).  This standard can be met by "flashing a badge, identifying oneself as a police officer, placing an individual under arrest, or intervening in a dispute between third parties pursuant to a duty imposed by police department regulations." *Memphis, Tennessee Area Local, American Postal Workers Union v. City of Memphis*, 361 F.3d 898, 903 (6th Cir. 2004).

Here, Warner and Gale repeatedly identified themselves as police officers, and they leveraged this authority to disperse the crowd around Threlfall and to detain the bus they believed to contain his assailants.  These actions are inconsistent with their contention that they acted as any citizen would, and consistent with the duty imposed upon them by the Royal Oak Police Department standards of conduct.  Under the facts construed most favorably to McGuire and Ryan, Warner and Gale acted "under color of state law."

---

[1] The district court noted that McGuire and Ryan's complaint did not specify whether their malicious prosecution claim was brought under state law, federal law, or both.  The district court presumed that the complaint stated both for purposes of defendants' summary judgment motion, and we shall do the same.  The issue of whether the complaint properly alleged a federal claim was raised for the first time on appeal.

The district court also determined that there was a genuine issue of material fact as to whether there was probable cause to prosecute McGuire and Ryan. And, on the facts construed favorably to McGuire and Ryan, there was no probable cause here.[2]

This Circuit has held that alleging prosecution based upon an officer's having "fabricated evidence and manufactured probable cause" is sufficient to state a claim of malicious prosecution under the Fourth Amendment. *See Spurlock v. Satterfield*, 167 F.3d 995, 1005-06 (6th Cir. 1999); *Adams v. Metiva*, 31 F.3d 375, 388-89 (6th Cir. 1994) (sustaining a malicious prosecution action where police had allegedly supplied false information). And plaintiffs have supplied such evidence here. McGuire and Ryan testified that Warner and Gale provided false testimony to the Oakland County sheriff's department, and this testimony was corroborated by the chaplain of the Royal Oak Police Department, Timothy Renaud. McGuire and Ryan also presented evidence that Warner subsequently implicated them in a written statement to the Oakland County sheriff and at their preliminary hearing. The testimony of Warner and Gale was the basis for the charges brought against McGuire and Ryan and for the year-long prosecution that followed. Thus, taken in the light most favorable to McGuire and Ryan, there is a genuine issue of material fact as to whether Warner and Gale had probable cause to prosecute.

### B. Governmental Immunity

Warner and Gale raise Michigan's governmental immunity statute as a defense to McGuire and Ryan's state tort claims. Under Mich. Comp. Laws § 691.1407(2), governmental actors are

---

[2] Whether Oakland County officials had probable cause to arrest McGuire and Ryan based upon Warner and Gale's statements is not relevant to Warner and Gale's own liability for malicious prosecution.

immune from tort liability for actions within the scope of their authority that do not amount to gross negligence. "Gross negligence" is defined as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." Mich. Comp. Laws § 691.1407(7)(a).

As an initial matter, we note that Michigan law does not extend governmental immunity to intentional torts. *See Sudul v. City of Hamtramck*, 221 Mich.Ct. App. 455, 458; 562 N.W.2d 478, 479 (Mich. 1997) ("We especially also hold that an individual employee's intentional torts are not shielded by our governmental immunity statute."). This alone would be sufficient to sustain McGuire and Warner's claims for malicious prosecution and intentional infliction of emotional distress. However, even if governmental immunity did apply, there is a genuine issue of material fact as to whether Warner and Gale acted with gross negligence and we thus affirm the ruling of the district court.

There is ample evidence that Warner and Gale acted with gross negligence in singling out McGuire and Ryan and furthering their prosecution. Both McGuire and Chaplain Renaud offered evidence that Warner and Gale did not know the identity of the assailants and yet repeatedly testified against McGuire and Ryan in spite of this. Viewed in the light most favorable to McGuire and Ryan, this clearly evidences "a substantial lack of concern for whether an injury [would] result[]." The district court was thus correct to deny Warner and Gale the protection of governmental immunity.

IV.

We AFFIRM the judgment of the district court.